NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1080

COMMONWEALTH

vs.

JEFFREY RIVARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In June 2024, a District Court judge denied the defendant's motion to expunge two entries on his criminal record.[1]  On appeal, the defendant argues the judge abused his discretion in denying the defendant's motion for reason-based expungement as to his assault and battery charge against his daughter and claims to have produced clear and convincing evidence of perjury by a police officer.  We affirm.

---

[1] A panel of this court affirmed the denial of three earlier petitions to expunge the same two entries based on similar grounds in an unpublished decision under Rule 23.0 of the Rules of the Appeals Court, as appearing in 97 Mass. App. Ct. 1017 (2020).  Commonwealth v. Rivard, 102 Mass. App. Ct. 1103 (2022). In doing so, the court rejected the defendant's argument that expungement was warranted because the police report mischaracterized what he and his wife told responding officers.

Background.  In March 2012, Framingham police responded to a report of domestic assault by the defendant at the defendant's apartment.  Officer Thomas McCarthy spoke with the defendant's wife and daughter, who were the named victims of the assault.  According to McCarthy, the wife reported that the defendant struck her on the arm "at least three or four times" with a Wiffle ball bat.  McCarthy saw several red marks on the wife's arm.  In addition, the wife and the defendant's daughter told McCarthy that the defendant had grabbed the daughter by the arm and pushed her to the ground.  The defendant was charged with one count of assault and battery by means of a dangerous weapon[2] against the wife and one count of assault and battery[3] against his daughter.  The defendant received a disposition of pretrial probation, and, in May 2016, both charges were dismissed.

In December 2019, the wife testified at a motion hearing to modify the defendant's conditions of release in a criminal case in Vermont.  When questioned about the March 2012 incident that led to the above-described charges against the defendant, the wife maintained that the defendant hit her with a Wiffle ball bat.  However, the wife stated that the defendant "did not grab

---

[2] G. L. c. 265, § 15A (b).

[3] G. L. c. 265, § 13A (a).

2

and throw [the daughter] down to the ground.  That is a misrepresentation in the record."

In June 2024, the defendant filed a petition to expunge his March 2012 assault and battery charges.  At a hearing on this petition in the District Court, the defendant, in reference to the assault and battery against his daughter, stated, "I have basically said that this claim of assaulting a child is wrong anytime anybody asked."

Discussion.  "Expungement goes further [than sealing a record], as it entails 'the permanent erasure or destruction of a record so that the record is no longer accessible to, or maintained by, the court, any criminal justice agencies or any other state agency, municipal agency or county agency.'"  Matter of Expungement, 489 Mass. 67, 68 n.1 (2022), quoting G. L. c. 276, § 100E.  A judge, based on clear and convincing evidence, may order the expungement of a criminal record based on six statutorily prescribed grounds, including, as relevant here, either that the record was created as a result of "demonstrable errors by law enforcement" or "demonstrable fraud perpetrated upon the court."  See G. L. c. 276, §§ 100K (a) (3), (5).  "In reviewing a decision on a motion to expunge, we consider whether the judge abused his or her discretion."  Commonwealth v. K.W., 490 Mass. 619, 624 (2022).

The defendant argues that, because his wife's testimony at the December 2019 motion hearing refutes details regarding the March 2012 incident, and the defendant testified under oath at the June 2024 hearing that the assault against his daughter never happened, he has shown perjury on behalf of the reporting police officer.  The officer's perjury, the defendant contends, is demonstrable error resulting in the defendant being improperly charged with assault and battery.  See G. L. c. 276, § 100K (a) (3).  We disagree.

A person has committed perjury when, in a position where they are lawfully required to tell the truth, the person "wilfully swears or affirms falsely in a matter material to the issue or point in question."  G. L. c. 268, § 1.  On the night of the March 2012 incident, Officer McCarthy spoke with the defendant's wife and daughter, and he reported that both independently said that the defendant had "grabbed [the daughter] by the arm and pushed her to the ground."  Two objections to this aspect of the report, seven and twelve years after the incident, one made by the defendant himself, are not adequate to establish that the reporting officer was "wilfully swear[ing] or affirm[ing] falsely" as to the incident.  G. L. c. 268, § 1.  See Commonwealth v. Steve S., 103 Mass. App. Ct. 691, 700 (2024) ("Proof by clear and convincing evidence is not

4

without teeth[,] . . . [and] [t]he evidence must be sufficient to convey a high degree of probability that the contested proposition is true" [quotation and citation omitted]). Therefore, the judge did not abuse his discretion in determining that the defendant's charge of assault and battery against his daughter was not a result of "demonstrable error" by law enforcement. See G. L. c. 276, § 100K (a) (3).

The defendant also argues that the judge abused his discretion in denying his expungement petition because the same statements from him and his wife show "demonstrable fraud perpetrated upon the court." See G. L. c. 276, § 100K (a) (6). Fraud perpetrated upon the court "is only that species of fraud which does, or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication" (quotation and citation omitted). MacDonald v. MacDonald, 407 Mass. 196, 202 (1990). "[T]o set aside a judgment or order because of fraud upon the court . . . it is necessary to show an unconscionable plan or scheme which is designed to improperly influence the court in its decision." Id.

Here, even assuming arguendo that we credit the wife's testimony that the report that the defendant assaulted his

5

daughter constituted a misrepresentation, the defendant makes no showing of an "unconscionable plan or scheme" that "does, or attempts to, defile the court." MacDonald, 407 Mass. at 202. See Wojcicki v. Caragher, 447 Mass. 200, 210-211 (2006), quoting Lockwood v. Bowles, 46 F.R.D. 625, 632-633 (D.D.C. 1969) ("The possibility of a witness testifying falsely is always a risk in our judicial process, but there are safeguards within the system to guard against such risks. The most basic of these is cross-examination of witnesses . . . .").

In assessing a scenario involving potential fraud, "it [is] important to distinguish between a false allegation, on the one hand, and a deliberate scheme, on the other, typically involving others in the court system, combined with a larger pattern of harassment." M.C.D. v. D.E.D., 90 Mass. App. Ct. 337, 342 (2016). The defendant does not make that distinction here. The record supports the judge's finding that there was not clear and convincing evidence that the defendant's relevant criminal record was created because of one or more of the reasons listed in G. L. c. 276, § 100K (a). Therefore, because the judge's decision was within "the range of reasonable alternatives," the judge acted within his discretion in denying the defendant's

petition for expungement.  See <u>L.L.</u> v. <u>Commonwealth</u>, 470 Mass. 169, 185 n.27 (2014).[4]

<u>Order denying petition for expungement affirmed</u>.

By the Court (Ditkoff, Singh & Smyth, JJ.[5]),

Clerk

Entered:  September 5, 2025.

---

[4] The defendant also claims expungement is warranted because of demonstrable errors by court employees under G. L. c. 276, § 100K (<u>a</u>) (5), but does not identify specific behavior that falls under this category.  Therefore, this contention does not rise to the level of appellate argument, and we decline to consider the point further.  See Mass. R. A. P. 16 (a) (4), as appearing in 481 Mass. 1628 (2019).

[5] The panelists are listed in order of seniority.